UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ROY CARTER,

                Petitioner,

vs.                               Case No. 3:18-cv-809-J-39JBT

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                Respondents.

_____

**ORDER**

**I.  INTRODUCTION**

James Roy Carter, a petitioner proceeding pro se, challenges his state court (Duval County) conviction for carjacking through his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1).  He raises one ground.  Id. at 5.  Respondents filed an Answer in Response to Order to Show Cause (Response) (Doc. 10).[1]  Petitioner filed a notice that he does not intend to file a reply (Doc. 12).  See Order (Doc. 4).

---

[1] The Court will reference the page number assigned by the electronic filing system with respect to all documents and exhibits.

## II.   EVIDENTIARY HEARING

Petitioner carries the burden to establish a need for an evidentiary hearing.  See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012).  Upon review, Petitioner has not met this burden; the Court finds it can "adequately assess [Petitioner's] claims without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  The Court concludes Petitioner is not entitled to an evidentiary hearing.  Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

## III.   THE PETITION AND RESPONSE

Although not a model of clarity, in ground one of the Petition, Petitioner apparently challenges the filing of the information, stating it was filed in bad faith, and the sufficiency of the evidence presented at trial, complaining there were "unsubstantiated allegations of misconduct" and no foundation for the jury to find a factual act of force, assault, violence or putting in fear in the taking of the motor vehicle.  Petition at 5.  Additionally, Petitioner claims he was improperly sentenced to life because he was not charged with the greater offense of

2

carjacking with a weapon. Id. at 6-7. Finally, Petitioner asserts he was acquitted by the state circuit court judge in the order denying post-conviction relief. Id. at 10-11. Under relief requested, Petitioner references the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution, and relies on the Due Process Clause, the Equal Protection Clause, and the "equity of the paramount organic laws." Id. at 21.

Respondents, noting the Petition is not entirely clear, restate Petitioner's ground one: "whether Petitioner fairly presented his claim that his due process rights were violated because the information in his case was filed in bad faith[.]" Response at 14 (capitalization omitted). Respondents contend ground one is unexhausted and procedurally barred. Id. at 14-17. Alternatively, Respondents assert the information adequately placed Petitioner on notice of the offense, satisfying due process requirements. Id. at 18-20. Finally, they submit, to the extent Petitioner argues insufficiency of the evidence, the evidence at trial was sufficient to support every element of the offense of carjacking. Id. at 20-22.

## IV.  HABEAS REVIEW

In this case, Petitioner claims he is detained "in violation of the Constitution or laws or treaties of the United States."  28

U.S.C. § 2241(c)(3).  The Court recognizes its authority to award habeas corpus relief to state prisoners "is limited-by both statute and Supreme Court precedent."  Knight v. Fla. Dep't of Corr., 936 F.3d 1322, 1330 (11th Cir. 2019), petition for cert. filed, (U.S. Apr. 20, 2019) (No. 19-8341).  The AEDPA governs a state prisoner's federal petition for habeas corpus and "prescribes a deferential framework for evaluating issues previously decided in state court[,]" Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted), limiting a federal court's authority to award habeas relief.  See 28 U.S.C. § 2254; Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").  As such, federal courts may not grant habeas relief unless one of the claims:  "(1)'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1300-1301 (11th Cir. 2019), cert. denied, No. 19-6918, 2020 WL 1325907 (U.S. Mar. 23, 2020).

In Knight, the Eleventh Circuit explained:

4

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams [v. Taylor, 529 U.S. 362 (2000)] at 413, 120 S. Ct. 1495. A state court decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. To justify issuance of the writ under the "unreasonable application" clause, the state court's application of Supreme Court precedent must be more than just wrong in the eyes of the federal court; it "must be 'objectively unreasonable.'" Virginia v. LeBlanc, --- U.S. ----, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017)(quoting Woods v. Donald, --- U.S. ---, 135 S. Ct. 1372, 1376, 191 L.Ed.2d 464 (2015)); see also Bell v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L.Ed.2d 914 (2002) (explaining that "an unreasonable application is different from an incorrect one.").

Knight, 936 F.3d at 1330-31.

To obtain habeas relief, the state court decision must unquestionably conflict with Supreme Court precedent, not dicta. Harrington v. Richter, 562 U.S. 86, 102 (2011). If some fair-minded jurists could agree with the lower court's decision, habeas relief must be denied. Meders v. Warden, Ga. Diagnostic Prison, 911 F.3d 1335, 1351 (11th Cir.), cert. denied, 140 S. Ct. 394 (2019). Therefore, unless the petitioner shows the state-court's

5

ruling was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement, there is no entitlement to habeas relief.  Burt v. Titlow, 571 U.S. 12, 19-20 (2013).

This Court must accept that a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).  "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)).  This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact.  Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).  Where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

Thus, the reviewing federal court's habeas corpus consideration of a petition under AEDPA is a guard against extreme malfunctions in the state criminal justice systems, not a mechanism for ordinary error correction. Richter, 562 U.S. at 102-103 (citation and quotation marks omitted). As noted in Sealey, 954 F.3d at 1354 (citations omitted), when reviewing whether there has been an unreasonable application of federal law, "[t]he key word is 'unreasonable,' which is more than simply incorrect." Consequently, state-court judgments will not easily be set aside due to the applicability of the highly deferential AEDPA standard that is intentionally difficult to meet. See Richter, 562 U.S. at 102. Although a high hurdle, this high standard does not impose a complete bar to issuing a writ, but it severely limits those occasions to those "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with Supreme Court precedent. Id.

## V.  GROUND ONE

Respondents assert ground one is unexhausted and procedurally defaulted. Response at 14-17. The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules

> designed to ensure that state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[2] supra, at 747-748, 111 S. Ct. 2546; Sykes,[3] supra, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S.----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state court remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455

---

2 Coleman v. Thompson, 501 U.S. 722 (1991).

3 Wainwright v. Sykes, 433 U.S. 72 (1977).

U.S. 509 (1982).   A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 566 U.S. at 10 (citing Coleman, 501 U.S. at 750).   To demonstrate cause, a petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court. Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).   If cause is established, a petitioner must demonstrate prejudice.   To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred." Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995).   The

9

gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent.  Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013).

Respondents assert the construed claim of a deprivation of due process of law due to the information being filed in bad faith was not properly raised in the trial court.  Response at 14.  Thus, Respondents argue the trial court never considered the merits of the claim and, consequently, it was never exhausted.  Id.  In addressing the question of exhaustion, a district court must ask whether the claim was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. See 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L.Ed.2d 64 (2004).

> The Court's guidance in Baldwin "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"-namely, giving the state courts "a meaningful opportunity" to address the federal claim. McNair, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim," or by making a "somewhat similar state law claim." Kelley,[4] 377 F.3d at 134-44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." Id. at 1344 (quotation omitted).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-52 (11th Cir. 2012), cert. denied, 568 U.S. 1104 (2013).

The record demonstrates Petitioner did not assert this alleged due process deprivation in the trial court, nor did he raise such a claim on direct appeal or in his Rule 3.850 motion. On direct appeal, his appellate counsel filed an Anders[5] brief. (Doc. 10-2 at 238-49). The 1st DCA, on October 10, 2012, gave Petitioner thirty days to serve a pro se brief, warning Petitioner that failure to do so would result in the case being presented to the court without benefit of a pro se brief. Id. at 251.

---

4 Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

5 Anders v. California, 386 U.S. 738 (1967).

11

Petitioner did not file a brief,[6] and the 1st DCA affirmed per curiam.  <u>Id</u>. at 253.

In his Rule 3.850 motion, Petitioner, through counsel, raised claims of ineffective assistance of trial counsel.  <u>Id</u>. at 260-76.  The trial court denied the motion.  <u>Id</u>. at 294-301.  The 1st DCA affirmed with a written opinion.  <u>Id</u>. at 330-34.  Notably, Petitioner does not raise a claim of ineffective assistance of counsel in this Court.

After a thorough review of the record before the Court, the Court concludes Petitioner failed to exhaust a Fourteenth Amendment claim in the state courts.  It is clear from state law that any future attempts at exhaustion of this ground would be futile.  As such, Petitioner has procedurally defaulted this ground for relief.  Petitioner has failed to show cause and

---

6 Notably, on direct appeal, Petitioner failed to file a brief and reference a federal source of law or any case deciding a claim on federal grounds, and he did not label any claims as federal. Thus, Petitioner never gave the state court a meaningful opportunity to address a Fourteenth Amendment federal constitutional claim or any other constitutional claim.  As such, Petitioner has procedurally defaulted his claims of constitutional error.  He has not shown cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of his claims of constitutional error.

prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of ground one.

The Court finds Petitioner's claim of a deprivation of due process of law based on his assertion that the information was filed in bad faith is unexhausted and procedurally defaulted. Petitioner has neither shown cause and prejudice nor that a fundamental miscarriage of justice will result if the claim is not addressed on its merits. Consequently, ground one is due to be denied.

Alternatively, Respondents assert the information adequately placed Petitioner on notice of the offense, satisfying due process requirements. Response at 18-20. "Cases in [the United States Supreme Court] have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." Spencer v. State of Tex., 385 U.S. 554, 563-64 (1967). Under due process protections, Petitioner is entitled to notice of the charges against him to be able to adequately prepare to defend himself. Cole v. Arkansas, 333 U.S. 196, 201 (1948).

The information charged Petitioner with carjacking (count one) and leaving the scene of an accident involving unattended

13

property (count two).   In pertinent part,[7] the information
charged:

> JAMES ROY CARTER on September 6, 2011, in
> the County of Duval and the State of Florida,
> did unlawfully by force, violence, assault, or
> putting in fear, take a motor vehicle, from
> the person or custody of Chao Chen, with the
> intent to permanently or temporarily deprive
> the lawful owner or custodian of the motor
> vehicle, contrary to the provisions of Section
> 812.133(2)(b), Florida Statutes.

(Doc. 10-1 at 22).

To implicate due process rights, an information must fail to
provide adequate notice of the charges:

> "[A]n indictment is sufficient if it, first,
> contains the elements of the offense charged
> and fairly informs a defendant of the charge
> against which he must defend, and, second,
> enables him to plead an acquittal or
> conviction in bar of future prosecutions for
> the same offense." Hamling v. United States,
> 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L.Ed.2d
> 590 (1974); see also United States v. Steele,
> 178 F.3d 1230, 1233-34 (11th Cir. 1999)
> (similar). "For an indictment to be valid, it
> must contain the elements of the offense
> intended to be charged, and sufficiently
> apprise the defendant of what he must be
> prepared to meet." United States v. Sharpe,
> 438 F.3d 1257, 1263 (11th Cir. 2006) (citation
> omitted).

---

[7] Petitioner went to trial on count one of the information.  (Doc.
10-1 at 147, 154).  The state nolle prossed count two.  (Doc. 10-
1 at 141) (Doc. 10-2 at 331 n.1).

United States v. Middleton, No. 13-0161-WS, 2013 WL 5498268, at *1 (S.D. Ala. Oct. 1, 2013).  Of import, "due process prohibits a defendant from being convicted of a crime not charged in the information or indictment." Rogers v. State, 963 So. 2d 328, 332 (Fla. 2nd DCA 2007) (quoting Crain v. State, 894 So. 2d 59, 69 (Fla. 2004)).

The record shows the trial court instructed the jury, to prove the crime of carjacking, the state had to prove three elements beyond a reasonable doubt: (1) the accused took the motor vehicle from the person or custody of the victim; (2) force, violence, assault, or putting in fear was used in the course of the taking; and (3) the taking was with the intent to temporarily or permanently deprive the victim of his right to the motor vehicle or any benefit from it.  (Doc. 10-1 at 34).  Comparing the information to the trial court's instructions, the information contains all three elements of the offense of carjacking.  Indeed, there is nothing missing from the information which restricted Petitioner's "ability to put on an effective defense." Middleton, 2013 WL 5498268, at *2.  Through the information, Petitioner received adequate notice of the charge of carjacking to prepare for trial and to enable him to plead, in the future, he already faced the charge against further prosecution.

15

It is important to recognize,

> "[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." Cole v. Arkansas, 333 U.S. 196, 201, 68 S. Ct. 514, 92 L. Ed. 644 (1948). This right of a defendant "to reasonable notice of a charge against him," In re Oliver, 333 U.S. 257, 273, 68 S. Ct. 499, 92 L. Ed. 682 (1948), "contemplates that the accused be ... informed [of the nature and cause of the accusation] sufficiently in advance of trial or sentence to enable him to determine the nature of the plea to be entered and to prepare his defense if one is to be made," id. at 279 n. 1, 68 S. Ct. 499 (Rutledge, J., concurring). "In order for an accusation of a crime (whether by indictment or some other form) to be proper under the common law, and thus proper under the codification of the common-law rights in the Fifth and Sixth Amendments, it must allege all elements of that crime...." Apprendi,[8] 530 U.S. at 500, 120 S. Ct. 2348 (Thomas, J., concurring).

Rogers, 963 So. 2d at 332.

In this case, Petitioner was informed of the nature and cause of the accusation of carjacking in advance of trial so that he could determine the nature of his plea and prepare his defense. Moreover, the information properly alleged all elements of the

---

8 Apprendi v. New Jersey, 530 U.S. 466 (2000).

offense of carjacking.   Therefore, Petitioner has not shown a deprivation of due process of law or any other constitutional violation and he is not entitled to habeas relief.

Finally, Respondents submit, to the extent Petitioner argues insufficiency of the evidence, the evidence at trial was sufficient to support every element of the offense of carjacking.  Response at 20-22.   The court reviewing a claim under the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979), may only set aside a jury's verdict, "only if no rational trier of fact could have agreed with the jury."  Coleman v. Johnson, 566 U.S. 650, 651 (2012) (per curiam) (quoting Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam)).  Indeed,

> Jackson says that evidence is sufficient to support a conviction so long as "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S., at 319, 99 S. Ct. 2781. It also unambiguously instructs that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id., at 326, 99 S. Ct. 2781.

Cavazos v. Smith, 565 U.S. at 7.

17

Testimony from the state's witnesses supported the jury's verdict that Petitioner took the motor vehicle from Mr. Chen; Petitioner used force, violence, and an assault to take the vehicle (Petitioner and the victim fought and struggled over the keys to the vehicle according to the testimony of the victim); and Petitioner took the vehicle to temporarily (or permanently) deprive Mr. Chen of his right to the motor vehicle or any benefit from it (Petitioner drove off in the vehicle). (Doc. 10-2 at 242-44, summary of state's case). Considering all of evidence in the light most favorable to the state, there was certainly sufficient evidence to support the conviction for carjacking. Petitioner is not entitled to relief on ground one.

Liberally construing the Petition, Petitioner raises an additional claim. In the supporting facts of ground one, he contends he had to be charged with the greater offense, carjacking with a weapon, to be legally sentenced to life in prison. Petition at 6-7. Twice, the trial court soundly rejected Petitioner's contention that he was improperly sentenced to life in prison. Petitioner raised a comparable issue in a motion to correct illegal sentence pursuant to Rule 3.800(a), Fla. Stat. (Doc. 10-2 at 356-58). The trial court denied the motion, finding Petitioner was correctly adjudicated and sentenced as a habitual felony offender

18

and concluding the sentence imposed was lawful, correct and appropriate. Id. at 361-73.

Petitioner raised a comparable claim in a second Rule 3.800(a) motion. Id. at 375-401; (Doc. 10-3 at 1-15). In its Order Denying Defendant's Motion to Correct Illegal Sentence, the trial court denied relief. (Doc. 10-3 at 17-28). The court noted Petitioner had been convicted of carjacking and sentenced as a habitual felony offender to a term of life in prison, id. at 17, and the 1st DCA affirmed. Carter v. State, 108 So. 3d 1081 (Fla. 1st DCA 2013) (per curiam) (unpublished). Although recognizing that unarmed carjacking is a first degree felony subject to a sentence of up to thirty years pursuant to § 812.133(2)(b), Fla. Stat., the court opined that because Petitioner was designated a habitual felony offender, the court legally enhanced his sentence up to life pursuant to § 775.084(4)(a), Fla. Stat. (Doc. 10-3 at 17). The court found, based on this legal and authorized enhancement, the life sentence did not exceed any statutory maximum. Id. The court further found Petitioner qualified as a habitual felony offender, having at least three prior felonies, with at least one of which was not related to the purchase or possession of a controlled substance. Id. at 17-18. As such, the court denied the motion to correct illegal sentence. Id. at 18.

Petitioner's claim is refuted by the record.  The state filed a Notice of Intent to Classify Defendant as an Habitual Felony Offender.  (Doc. 10-1 at 24).  Petitioner and his counsel were provided copies of the notice.  Id.  At sentencing, the court relied on two qualifying felonies, one for the sale or delivery of cocaine, and one for the sale of cannabis.  Id. at 119-20.  The court determined they were qualifying felonies, they occurred on separate dates, and that one or both of the convictions or release therefrom was within five years of the current offense.  Id. at 120.  The court found Petitioner met the criteria to be classified as a habitual felony offender.  Id. at 121

The documents concerning the prior offenses supporting the habitual offender sentence are in the record.  Id. at 61-71.  The record shows these qualifying prior felony convictions existed. Petitioner did not contest the convictions, admitting they were his.  Id. at 119-20.  Neither side had any information that Petitioner had received a pardon for either prior offense or that either offense had been set aside in any post-conviction proceeding.  Id. at 120.  Based on the above, the trial court properly classified Petitioner as a habitual felony offender and he is not entitled to habeas relief as the claim has no merit.

Alternatively, the Court finds this additional claim presents an issue purely of state law that is not cognizable on federal habeas review.   It involves a statutory interpretation of state law by state courts, not a claim of constitutional dimension that Petitioner is in custody in violation of the Constitution or law or treaties of the United States.   28 U.S.C. § 2254(a).   Of import, the writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

The law in the Eleventh Circuit allows that only in cases of federal constitutional error will a federal writ of habeas corpus be available.   See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). Consequently, federal habeas relief does not lie for errors of state law.   It is certainly not the province of this Court to reexamine state-court determinations on issues of state law.   See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).   "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'"   Branan v. Booth, 861 F.2d 1507,

21

1508 (11th Cir. 1988) (per curiam) (quoting Willeford v. Estelle,
538 F.2d 1194, 1198 (5th Cir. 1976)).

The federal habeas corpus court will be bound by the Florida
court's interpretation of its own laws unless that interpretation
breaches a federal constitutional mandate. McCoy v. Newsome, 953
F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504
U.S. 944 (1992). Since this additional claim presents an issue
that is not cognizable in this habeas proceeding, it cannot provide
a basis for federal habeas corpus relief. Furthermore, there is
no breach of a federal constitution mandate and Petitioner is not
entitled to federal habeas relief.

Petitioner also contends he was acquitted on the merits of
carjacking. Petition at 10. He bases his argument on the fact
that in its order denying the motion for post-conviction relief
dated September 7, 2016, the circuit court said the state filed a
nolle prosequi as to count one. Id. The record does show, in the
Order Denying Defendant's Motion for Postconviction Relief, a
scrivener's error or mere misstatement by the court. (Doc. 10-2
at 294). After stating Petitioner proceeded to trial on count one
only, was convicted by a jury and sentenced to life as a habitual
felony offender, the court then noted the state "filed a nolle
prosequi **as to Count 1.**" Id. (emphasis added). The court

22

referenced its Exhibit C, the Judgment and Sentence reflecting the conviction for count one, carjacking, and the life sentence as a habitual felony offender.  Id. at 305-10.

As previously noted, the record clearly demonstrates Petitioner was convicted by a jury of count one, the carjacking offense, and the state, at sentencing, nolle prossed count two, not count one.  (Doc. 10-1 at 141).  Therefore, the court's statement that the state filed a nolle prosequi as to count one was a mere misstatement concerning the facts in the record or a scrivener's error.  Petitioner is not entitled to relief on his contention that he was acquitted of the offense of carjacking as he clearly was not acquitted of carjacking.  Therefore, Petitioner is not entitled to habeas corpus relief on this claim.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

2.   This action is **DISMISSED WITH PREJUDICE.**

3.   The **Clerk** shall enter judgment accordingly and close this case.

4.   If Petitioner appeals the denial of his Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of**

**appealability**.[9]   Because this Court has determined that a
certificate of appealability is not warranted, the **Clerk** shall
terminate from the pending motions report any motion to proceed on
appeal as a pauper that may be filed in this case.   Such
termination shall serve as a denial of the motion.

   **DONE AND ORDERED** at Jacksonville, Florida, this 16th day of
June, 2020.

_____
BRIAN J. DAVIS
United States District Judge

sa 6/11
c:
James Roy Carter
Counsel of Record

---

[9] This Court should issue a certificate of appealability only if a
petitioner makes "a substantial showing of the denial of a
constitutional right."   28 U.S.C. § 2253(c)(2).   To make this
substantial showing, Petitioner "must demonstrate that reasonable
jurists would find the district court's assessment of the
constitutional claims debatable or wrong," Tennard v. Dretke, 542
U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484
(2000)), or that "the issues presented were 'adequate to deserve
encouragement to proceed further,'" Miller-El v. Cockrell, 537
U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S.
880, 893 n.4 (1983)).   Upon due consideration, this Court will
deny a certificate of appealability.